**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **U.S. BANK, NATIONAL** | : | **CIVIL ACTION NO. 1:12-CV-2125** |
| **ASSOCIATION,** | : | |
| | : | **(Chief Judge Conner)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PAULETTE GREENFIELD and** | : | |
| **PAUL GREENFIELD,** | : | |
| | : | |
| **Defendants.** | : | |

**<u>MEMORANDUM</u>**

Presently before the court is a motion for summary judgment (Doc. 29), filed by plaintiff U.S. Bank, National Association ("U.S. Bank"), in the above-captioned mortgage foreclosure action. For the reasons that follow, the court will grant the motion.

**I.     <u>Factual Background and Procedural History</u>[1]**

The instant action relates to real property located at 336 Lower Mountain Drive, Effort, Pennsylvania (the "Subject Property"). (Doc. 31 ¶ 1). Defendants Paul and Paulette Greenfield (the "Greenfields") are the record owners and currently reside at the Subject Property. (<u>Id.</u> ¶ 2).

On or about July 31, 2007, the Greenfields borrowed $164,000 from Bear Stearns Residential Mortgage Corporation. (<u>Id.</u> ¶ 3). The Greenfields executed a Promissory

---

[1] The factual information contained herein is derived from U.S. Bank's statements of material facts. (Doc. 31). Pursuant to Local Rule 56.1 of the Middle District of Pennsylvania, these statements are deemed admitted because the Greenfields failed to file an opposing statement. <u>See</u> L.R. 56.1.

Note dated July 31, 2007 in the amount of $164,000 in favor of Bear Stearns Residential Mortgage Corporation.  (Id. ¶ 4).  The Greenfields also executed a Mortgage upon the Subject Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Bear Stearns Residential Mortgage Corporation.  (Id. ¶ 5).

Plaintiff U.S. Bank is the current holder of the Mortgage and Promissory Note and is in possession of the Promissory Note.  (Id. ¶¶ 6-7).  U.S. Bank received and recorded an Assignment of Mortgage from MERS prior to the instant action.  (Id. ¶ 8).

The terms of the Promissory Note and Mortgage require the Greenfields to repay the mortgage loan, with interest, in monthly installments of principal and interest beginning on September 1, 2007 through the maturity date of August 1, 2037.  (Id. ¶ 9).  The Greenfields have failed to make any payments since January 1, 2011.  (Id. ¶ 10).  On June 2, 2011, the Greenfields received a pre-foreclosure notice, advising them of the default and the steps required to cure the default.  (Id. ¶ 11).  As of January 30, 2014, the Greenfields owe U.S. Bank a total amount of $215,780.14 under the Mortgage and Promissory Note.  (Id. ¶ 12).

On October 24, 2012, U.S. Bank filed the complaint to institute a mortgage foreclosure action against the Greenfields.  (Doc. 1).  The Greenfields, by and through counsel, filed an answer to the complaint on December 22, 2012.  (Doc. 4).  The instant action proceeded through discovery, and the court held a pretrial conference on March 11, 2014, requiring the attendance of all counsel and parties.  (See Doc. 23).  The Greenfields, however, failed to appear and terminated their counsel of record.

2

(See Doc. 24).  On March 14, 2014, U.S. Bank filed a motion for summary judgment

with the court's permission.  (Doc. 29).  The court also granted the Greenfields'

counsel's motion to withdraw and provided the Greenfields with nearly three months

to secure replacement counsel.  (Docs. 27, 34, 36).  After the Greenfields failed to

identify new counsel in a timely fashion, the court designated the Greenfields as

proceeding *pro se*.  (Doc. 38).  The Greenfields responded in opposition to the motion

for summary judgment on June 27, 2014.  (Doc. 39).  The motion is now fully briefed

and ripe for disposition.

## II.   Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate

only when "there is no genuine dispute as to any material fact," and the moving party

is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  A factual dispute is

material if it might affect the outcome of the action under applicable law, and it is

genuine only if there is a sufficient evidentiary basis that would allow a reasonable

factfinder to return a verdict for the non-moving party.  Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248-49 (1986).

The burden of proof is upon the non-moving party to come forth with

"affirmative evidence, beyond the allegations of the pleadings," in support of its right

to relief.  Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "Such affirmative

evidence—regardless of whether it is direct or circumstantial—must amount to more

than a scintilla, but may amount to less (in the evaluation of the court) than a

3

preponderance." <u>Saldana v. Kmart Corp.</u>, 260 F.3d 228, 231-32 (3d Cir. 2001) (quoting

<u>Williams v. Borough of West Chester</u>, 891 F.2d 458, 460-61 (3d Cir. 1989)).  This

evidence must be adequate, as a matter of law, to sustain a judgment in favor of the

non-moving party on the claims.  <u>See</u> <u>Anderson</u>, 477 U.S. at 250-57; <u>Matsushita Elec.

Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-89 (1986); <u>see also</u> FED. R. CIV. P.

56(c), (e). Only if this threshold is met may the cause of action proceed.  <u>Pappas</u>, 331 F.

Supp. 2d at 315.

## III.   <u>Discussion</u>

The sole issue in the case *sub judice* is whether U.S. Bank is entitled to

summary judgment on its mortgage foreclosure action.  Pennsylvania Rule of Civil

Procedure 1147 requires a mortgage foreclosure complaint to include the following:

(1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;

(2) a description of the land subject to the mortgage;

(3) the name, address and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;

(4) a specific averment of default;

(5) an itemized statement of the amount due; and

(6) a demand for judgment of the amount due.

PA. R. CIV. P. 1147; <u>Moncrief v. Chase Manhattan Mortg. Corp.</u>, 275 F. App'x 149, 153

(3d Cir. 2008); <u>White v. JP Morgan Chase Bank, N.A.</u>, No. 3:10CV1426, 2011 WL

4

3236197, at \*3 (M.D. Pa. July 27, 2011).[2]  Summary judgment is appropriate in a

mortgage foreclosure action "if the mortgagors admit that the mortgage is in

default, that they have failed to pay interest on the obligation, and that the recorded

mortgage is in the specified amount."  <u>Cunningham v. McWilliams</u>, 714 A.2d 1054,

1057 (Pa. Super. Ct. 1998) (citing <u>Landau v. W. Pa. Nat'l Bank</u>, 282 A.2d 335, 340 (Pa.

1971)); <u>see</u> <u>also</u> <u>United States v. Olayer</u>, 333 F. App'x 669, 671 (3d Cir. 2009).  The

court may grant summary judgment "even if the mortgagors have not admitted the

total amount of the indebtedness in their pleadings."  <u>Cunningham</u>, 714 A.2d at

1057 (citation omitted).

U.S. Bank asserts that there are no genuine issues of material fact regarding

foreclosure because all of the requirements of a mortgage foreclosure action have

been satisfied.  The court agrees.  U.S. Bank included each of the Rule 1147

elements in its complaint.  (<u>See</u> Doc. 29-2, Ex. E ¶¶ 2, 5-7, 8-10, 13; <u>see also</u> Doc. 1

¶¶ 2, 5-7, 8-10, 13).  U.S. Bank presently contends that the Greenfields admit or fail

to deny the factual elements necessary for the entry of summary judgment.  (Doc. 30

at 4).  First, the Greenfields unequivocally admit that they executed the Mortgage.

(<u>Id.</u>; <u>see</u> Doc. 29-2, Ex. A ¶¶ 5, 7; <u>see also</u> Doc. 4 ¶¶ 5, 7).  Moreover, U.S. Bank argues

that the Greenfields do not refute the allegations that the mortgage loan is in

---

[2] Rule 1147 is characterized as a procedural rule for purposes of state court practice; however, it must be considered substantive law when a federal court sits in diversity in a mortgage foreclosure action.  <u>See</u> <u>Mellon Bank, N.A. v. Pasqualis-Politi</u>, 800 F. Supp 1297, 1299-1300 (W.D. Pa. 1992); <u>see also</u> <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938).

default due to the Greenfields' failure to make monthly mortgage payments.  (Doc.
30 at 4).  Upon a review of the existing record, the court notes that the Greenfields
characterized the mortgage default allegations as conclusions of law that required
no response and otherwise denied the allegations.  (See Doc. 29-2, Ex. A ¶ 8; see also
Doc. 4 ¶ 8).  However, the Greenfields do not set forth any contradictory evidence
regarding the mortgage default or amounts due and payable.  Therefore, the court
finds that all six requirements are satisfied for entry of summary judgment on the
mortgage foreclosure action.

Nevertheless, the Greenfields appear to assert two affirmative defenses.
First, the Greenfields imply that U.S. Bank does not have standing to enforce the
Promissory Note and Mortgage in the instant action.  (See Doc. 39).  Second, the
Greenfields oppose the motion for summary judgment on grounds that they are in
the process of negotiating a loan modification with U.S. Bank's sub-servicing agent,
Select Portfolio Servicing, Inc.  (Id.)  Neither argument is persuasive.

Under Pennsylvania law, a plaintiff has standing to prosecute a mortgage
foreclosure action when the plaintiff possesses the note.  See JP Morgan Chase
Bank, N.A. v. Francis X. Murray, 63 A.3d 1258, 1266 (Pa. Super. Ct. 2013); see also
Wells Fargo, N.A. v. Litus, No. 3:12-CV-2124, 2014 WL 1204938, at *3 (M.D. Pa. Mar.
24, 2014); U.S. Bank, Nat'l Ass'n v. Fasano, No. 1:12-CV-1505, 2012 WL 5299370, at
*2 (M.D. Pa. Oct. 25, 2012) (citing 13 PA. CONS. STAT. ANN. § 3301).  There is no
dispute in this case that U.S. Bank is in possession of the Promissory Note.  (Doc. 31
¶ 7).  As the holder of the Promissory Note, U.S. Bank further received and

recorded an Assignment of Mortgage on January 4, 2012 and a Corrective

Assignment of Mortgage on September 19, 2012.  (Id. ¶¶ 6-8; see also Doc. 29-2, Ex.

D).  Therefore, the court concludes that U.S. Bank has standing to pursue this

mortgage foreclosure action.

U.S. Bank also argues that the Greenfields' request for a loan modification is

not a proper defense to mortgage foreclosure.  (Doc. 30 at 5).  U.S. Bank does not

have any obligation to modify a loan or mortgage upon default.  U.S. Bank, Nat'l

Ass'n v. Cox, 11 Pa. D. & C. 5th 179, 189 (Pa. Ct. Com. Pl. 2010); see also Litus, 2014

WL 1204938, at *3.  Under the terms of the Promissory Note and Mortgage, U.S.

Bank is entitled to seek foreclosure.  Both documents require the Greenfields to

repay the mortgage loan, with interest, in monthly installments of principal and

interest beginning on September 1, 2007 through the maturity date of August 1,

2037.  (Doc. 31 ¶ 9).  Failure to pay the full monthly payment constitutes a default.

(See Doc. 29-2, Exs. B, C).  On June 2, 2011, the Greenfields received notice of their

default and information regarding the process to cure it.  (Doc. 31 ¶¶ 10-11).  When

the Greenfields' failed to cure the default, U.S. Bank properly proceeded with

mortgage foreclosure.

The court also notes the lack of evidence regarding any on-going loan

modification negotiations between the parties to preclude summary judgment.  See

Cox, 11 Pa. D. & C. 5th at 189 (further denying summary judgment for failure to

show on-going negotiations).  By letter dated June 27, 2014, U.S. Bank denied the

Greenfields' Assistance Review Application for a loan modification.  (Doc. 40 at 1).

According to U.S. Bank, the Greenfields were not eligible for any loss mitigation options that allowed them to retain the Subject Property.  (Id.)  Specifically, the Greenfields did not meet the standards based on the ratio of income to monthly payment, the ratio of income to housing expenses, or the net present value of the Subject Property.  (Id. at 1-2).  Therefore, the court rejects the Greenfields' defense based upon loan modification negotiations.

**IV.**    **Conclusion**

For the foregoing reasons, the court will grant U.S. Bank's motion for summary judgment.  (Doc. 29).

An appropriate order shall issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania


Dated:       August 11, 2014